THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>ELIAN JOEL ORTEGA-ORTIZ (4),<br><br>**Defendant.** | **CRIMINAL NO. 21-cr-324 (RAM)** |

## OPINION & ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

This matter comes before the Court on Defendant Elian Ortega-Ortiz's *Request for De Novo Bail Hearing Pursuant to Title 18 U.S.C. §§ 3145(b)*. (Docket No. 53). For the below-stated reasons, the Court **GRANTS** Defendant's request for pretrial release subject to the conditions specified herein and in the separate order of release.

### I. BACKGROUND

On September 9, 2021 a Grand Jury returned an indictment against four (4) defendants, including Mr. Elian Ortega-Ortiz ("Mr. Ortega-Ortiz" or "Defendant"). (Docket No. 17). Mr. Ortega-Ortiz is charged with one (1) count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846. Id. at 1-2.

On September 13, 2021, Magistrate Marshal D. Morgan held a detention hearing as to Mr. Ortega-Ortiz. (Docket No. 30). After hearing the parties, Judge Morgan determined that the Government proved "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or the community[,]" and thus ordered that Mr. Ortega-Ortiz be detained pending further proceedings. (Docket No. 30 and 32). Judge Morgan found that although Defendant presented sufficient evidence to rebut the applicable presumption, detention was warranted due to other factors. Id. at 2. Said factors included: (a) that the weight of evidence against Defendant is strong; (b) he is subject to a lengthy period of incarceration if convicted; and (c) Defendant's relationship with his father, who gave him orders and tasks within the conspiracy. (Docket No. 34 at 2).

On October 7, 2021, Mr. Ortega-Ortiz filed his motion requesting a de novo bail hearing and revocation of the detention order. (Docket No. 53). Defendant maintains therein that he does not pose a risk to the community. Id. at 4. Furthermore, Defendant, who is nineteen (19) years old, contends that a combination of conditions exist which may reasonably assure that he will appear when ordered given that: (a) he has no prior criminal record; (b) he has no history of substance abuse; (c) his father is

incarcerated in Florida; and (d) his mother is eager and able to act as third-party custodian. Id. at 7-9.

The Court held a *de novo* bail hearing on October 25, 2021. (Docket No. 71). At the hearing, the Government proceeded by proffer and Defendant responded with various arguments as to why the detention order should be revoked. Id. The Court took the matter under advisement and notified that it would consider the Pretrial Services Report. Id. Given Defendant's strong ties to Puerto Rico, lack of a criminal record, lack of substance abuse, lack of a history of violence, and family support from his mother, the Court finds that the Government has not proven by clear and convincing evidence that there are no conditions or combination of conditions of release which can reasonably assure the safety of any person and the community. The Court also finds that there are conditions which can reasonably assure Defendant's appearance at trial.

## II.  LEGAL STANDARD

**A. Standard of review for a detention or release order:**

A district court reviews a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014). A district court may also "take additional

evidence or conduct a new evidentiary hearing when the defendant has placed relevant facts at issue." Id.

**B. The Bail Reform Act:**

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released. See 18 U.S.C. § 3141(a). Section 3142(e) of the Act provides that if after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person prior to trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which an accused individual is eligible for detention and therefore, a detention hearing is proper. See 18 U.S.C. § 3142(f). Specifically, Section 3142(f)(1) of the Act requires that the judicial officer hold a detention hearing upon motion of the attorney for the Government in cases which involve "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" and other prescribed offenses including crimes of violence. 18 U.S.C. § 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing

upon government motion or *sua sponte* in cases that involve "(A) a serious risk that such person will flee; **or** (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2) (emphasis added).

The standard of proof for detention due to dangerousness is **clear and convincing evidence**. Id. Clear and convincing evidence is "more than preponderance of the evidence and less than beyond reasonable doubt." United States v. Acevedo Ramos, 600 F.Supp. 501, 509 (D.P.R. 1984). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. The standard of proof for detention due to risk of flight is preponderance of the evidence. *See* United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

Another Judge sitting in this District has held that:

> Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

United States v. Vargas-Reyes, 220 F.Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment

alone suffices to trigger the presumption. Id. (citing United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

The 18 U.S.C. § 3142(e)(3) presumption imposes the burden of production upon the defendant. *See* Vargas-Reyes, 220 F.Supp. 2d at 225. This burden of production can be satisfied by introducing at least some evidence contrary to the facts presumed but, even so, the presumption does not disappear and retains evidentiary weight. Id. Notably, the burden of *persuasion* always rests with the Government, both in presumption and non-presumption cases. Id.

When determining whether there are conditions of release to assure a defendant's appearance and the safety of the community during a detention hearing, judicial officers must take into consideration the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Furthermore, the Court may consider uncharged conduct in assessing the degree of danger posed by the defendant's release. *See* United States v. Rodriguez, 950 F.2d 85, 88-89 (2d Cir.1991).

Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable. *See* 18 U.S.C. § 3142(i). Although not

required by the Act, the First Circuit has indicated that "a similar statement of reasons should ordinarily accompany release orders in contested cases." United States v. Tortora, 922 F.2d 880, 883 (1st Cir. 1990).

### III. DISCUSSION

While several Section 3142(g) factors weigh in favor of detention, namely the nature and circumstances of the offense charged and the weight of the evidence, **the Court finds that the Government did not meet its evidentiary burden of proving by clear and convincing evidence that there "is no condition or set of conditions" that will reasonably assure the safety of any person and the community.** The existing Section 3142(e)(3) presumption is rebutted by Defendant's strong ties to Puerto Rico, family support from his mother, and lack of a criminal record, substance abuse, or history of violence. Likewise, the Court finds that the Government did not establish by a preponderance of the evidence that there is **no condition or set of conditions** that will reasonably ensure Defendant's appearance at trial. The analysis of Section 3142(g) factors is as follows.

**A. The nature and circumstances of the offense charged:**

As noted above, Ortega-Ortiz is charged with violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance. (Docket No. 17 at 1-2). Accordingly, if convicted, Defendant may be subjected to

a penalty of imprisonment of no less than 10 years and not more than life. *See* 21 U.S.C. § 841(b). The offenses charged in the indictment is serious. Given the severity of the punishment provided by the relevant statutes, this factor favors detention.

**B. The weight of the evidence against the defendant:**

According to the Government's proffer at the *de novo* bail hearing, surveillance efforts revealed that Ortega-Ortiz received detailed instructions from co-defendant Luis Ocasio-Ramos regarding how to package controlled substances so that they could go undetected by the United States Postal Service ("USPS"). Many post office supplies and materials were found in Defendant's home. Furthermore, upon inspection of his vehicle, canines alerted agents as to the presence of drugs. Therefore, the weight of the evidence appears to be strong.

"[N]umerous courts have recognized that the seriousness of the charge and the weight of the evidence can create a strong incentive for a defendant's flight." United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 236 (D.P.R. 2009). As noted earlier, Defendant is facing a significant sentence if convicted, consisting of a mandatory minimum of 10 years of imprisonment.

However, the Court is not concerned with Defendant's guilt or innocence at this stage. *See* 18 U.S.C. 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence"). Instead, the Court must assess whether there is a

set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. ¶ 3142(c). The remaining Section 3142(g) factors lead to the conclusion that such conditions exist.

**C. The Defendant's personal history and characteristics:**

Defendant's personal history and characteristics weigh in favor of release. For the exception of one year after Hurricane Maria, when Defendant lived with his aunt in Georgia, Mr. Ortega-Ortiz has been a lifelong resident of Puerto Rico. (Docket No. 21 at 1-2). Although he has been living independently, his mother, Mrs. Silvia Ortiz, has expressed her willingness to serve as a third-party custodian if the Court grants conditions of release. Id. at 2. She is able to house Defendant at her residence. Id. at 3. Defendant thus has strong family ties and strong ties to Puerto Rico. Defendant does not appear to have meaningful foreign ties and fleeing would sever his life-long ties to Puerto Rico.

Defendant has been unemployed since September 2021 but is interested in pursuing a job related to his studies to become a Refrigeration technician. Id. at 2. There is no record that Defendant owns any real estate or motor vehicles, relying on family support to cover his expenses. Id. Previously, Defendant worked at an auto detailing shop and a supermarket. Id.

There is no evidence that Defendant has a history of substance abuse. Id. at 3. Similarly, Ortega-Ortiz does not have a prior

criminal record. Id. While Defendant reported that he suffers from anxiety, he has not been diagnosed by a physician. Id. Accordingly, the Court finds that Defendant does not have a history of violence. This coupled with Ortega-Ortiz's lack of a prior criminal history, weighs against detention.

### D. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release:

In the case at bar, it is undisputed that the 18 U.S.C. § 3142(e)(3) presumption concerning the burden of production applies. However, Mr. Ortega-Ortiz's strong ties to Puerto Rico, family support from his mother, and lack of a criminal record, substance abuse, or history of violence rebut the presumption. *Cf*. Gall, 2013 WL 12192313, at * 1 (ordering detention where defendant had history multiple prior convictions including substance abuse, disorderly conduct, breach of peace, domestic violence, and contempt).

Ultimately, the Government had the evidentiary burden of proving that "no condition or combination of conditions will reasonably assure […] the safety of any other person and the community" under the clear and convincing evidence standard. 18 U.S.C. § 3142(e). "Undoubtedly, the **safety of the community can be reasonably assured without being absolutely guaranteed**." Tortora, 922 F.2d at 884 (emphasis added). Thus, the Government needed to present "'clear and convincing' evidence of defendant's

dangerousness" to justify his detention without bail. <u>United States v. Goveo-Santiago</u>, 901 F. Supp. 56, 58 (D.P.R. 1995). The weight of the evidence and Defendant's troubled relationship with his father, who is currently incarcerated in Florida, is insufficient to establish Ortega-Ortiz's dangerousness.

## IV. CONCLUSION

Based on the grounds stated in this Opinion, Defendant Elian Ortega-Ortiz shall be released subject to the following conditions:

1. Defendant must not violate federal, state, or local law while on release.

2. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

3. Defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. Defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

5. Defendant shall execute an unsecured bond binding himself to pay the United States the sum of $10,000 dollars to be cosigned by his mother, Mrs. Silvia Ortiz, in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

6. Qualification by the United States Probation Office of his mother, Mrs. Silvia Ortiz, as a third-party custodian.

7. Defendant is placed in the custody of Mrs. Silvia Ortiz (pending qualification by the US Probation Office), whose address is #924 Paganini St., Urb. Reparto Sevilla, San Juan, PR 00924, and who agrees to: (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

8. Electronic monitoring.

9. Defendant's release is conditioned upon qualification of the third-party custodian and of her residence as well as verification by the United States Probation Office of electronic monitoring device capability.

10. Home detention: Defendant shall be restricted to his residence at all times except for: employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities approved in advance by the pretrial services office or supervising officer.

11. Defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

12. Defendant shall avoid all contact, directly or indirectly, with his father, Mr. Israel Ortega, unless in the presence of counsel.

13. Defendant shall submit to supervision by and report on a regular basis to the United States Probation Office.

14. Defendant shall continue or actively seek employment.

15. Defendant shall maintain or start an education program.

16. Defendant will not use or unlawfully possess any narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless, prescribed by a licensed medical practitioner.

17. Defendant shall refrain from the excessive use of alcohol.

18. Defendant should receive medical or psychiatric treatment as recommended by the US Probation Officer.

19. Defendant should participate in a program of inpatient or outpatient substance abuse therapy and counseling as deemed necessary by the U.S. Probation Office or the Supervising Officer.

20. Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

21. Defendant shall surrender any passport to the United States Probation Office.

22. Defendant shall not obtain a passport or other international travel document.

23. Defendant shall report as soon as possible, to the U.S. Probation Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

24. Defendant shall abide by the following restrictions on personal association, place of abode, and travel: Defendant shall reside at the address of record and shall not leave the jurisdiction of this District without first obtaining written permission from the Court.

25. As an exception, the Chief U.S. Probation Officer or his designee, may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the U.S. Attorney has no objection to it. If objected, request will have to be made in writing to the Court.

26. Defendant shall not enter any airport or pier under this exception unless authorized by a PT Officer.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of November 2021.

                                    S/ RAÚL M. ARIAS-MARXUACH
                                    United States District Judge